## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In the matter of | )    Case No. 20-cv- |
| | ) |
| JORGE RODRIGUEZ | ) |
| Owner of M/Y VITAMIN SEA | ) |
| (HIN: CDRH6018G889) | )    In Admiralty |
|      Plaintiff, | ) |
| for Exoneration from or Limitation of Liability | ) |

## COMPLAINT FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY

Plaintiff Jorge Rodriguez., owner of M/Y VITAMIN SEA, Hull Identification Number:

CDRH6018G889, petitions the Court for Exoneration from or Limitation of Liability pursuant to

the Limitation of Shipowners' Liability Act, 46 U.S.C. §§ 30501-12, and Supplemental

Admiralty Rule F of the Federal Rules of Civil Procedure:

### Jurisdiction

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C.

   § 1333(1), Fed. R. Civ. P. 9(h), Supplemental Rule F, and 46 U.S.C. § 30511 and

   § 30502.

### Venue

2. Venue is proper in the District of Massachusetts, Eastern Division, pursuant to

   Supplemental Rule F(9) because the Vessel has not been attached or arrested; no

   known suits have been commenced against its owner; the Vessel is located within the

   District; and this District is most convenient for the parties and witnesses.

### Parties

3. Plaintiff Jorge Rodriguez ("Plaintiff") is an individual residing within the

   Commonwealth of Massachusetts and at all material times owned M/Y VITAMIN

SEA, Hull Identification Number: CDRH6018G889, a 1989, 27 foot, Carver motor yacht (the "Vessel").

4.  Plaintiff was not onboard the Vessel at the time of a fire on or about June 10, 2020 while the Vessel was berthed at the fueling dock at Bridge Marina in Salisbury, Massachusetts (the "Incident"), resulting in potential and alleged personal injuries and property damage of Zainali Hussein ("Hussein") and Thayenne Aliduir ("Aliduir") and potentially others.

5.  On information and belief, Hussein lives in Boston, Massachusetts and claims to have been injured as a result of the Incident.

6.  On information and belief, Aliduir lives in Boston, Massachusetts and claims to have been injured as a result of the Incident.

7.  On information and belief, Benjamin Chamberlain Realty, LLC, doing business as Bridge Marina, ("Bridge Marina") is a Limited Liability Company organized under the laws of the Commonwealth of Massachusetts with offices located in Salisbury, Massachusetts.  At all material times, Bridge Marina owned and operated a fueling dock and pump located at Bridge Marina in Salisbury, Massachusetts.

8.  On information and belief, Leonidas D. Jesudian ("Jesudian") is an individual residing in Amesbury, Massachusetts and was the owner of the Vessel prior to Plaintiff's taking delivery thereof on or about June 10, 2020.

9.  On information and belief, Eric Bonarrigo ("Bonarrigo") is an individual residing in Methuen, Massachusetts and was onboard the Vessel at the time of the Incident.

10. On information and belief, Brian Rivas ("Rivas") is an individual residing in Boston, Massachusetts and was onboard or nearby the Vessel at the time of the Incident.

2

11. On information and belief, Aleksandra Frasheri ("Frasheri") is an individual residing in Boston, Massachusetts and was onboard or near the Vessel at the time of the Incident.

12. On information and belief, Johnny Guananga ("Guananga") is an individual residing in Methuan, Massachusetts and was onboard or nearby the Vessel at the time of the Incident.

### The June 10, 2020 Incident

13. On or about June 10, 2020, Plaintiff took delivery of the Vessel from its prior owner, Jesudian, in Amesbury, Massachusetts.

14. Thereafter, and at all times, the Vessel, together with its equipment, was maintained by Plaintiff in a seaworthy and safe condition.

15. On or about June 10, 2020, and after taking delivery of the Vessel, the Vessel commenced a voyage in the Merrimac River bound for Boston, Massachusetts. Plaintiff, Hussein, Aliduir, Bonarrigo, Rivas, and Guananga were onboard.

16. While en route to Boston, the Vessel berthed at the Bridge Marina fuel dock to refuel.

17. Upon berthing at Bridge Marina, Rodriguez and others departed the Vessel and were making its lines fast to the fuel dock.

18. The Bridge Marina fuel attendant provided the fuel pump to Aliduir, together with negligent instructions as to refueling.  Thereafter, the Bridge Marina fuel attendant engaged the pump and commenced refueling operations.

19. During refueling, a fuel leak was suspected and investigated by Plaintiff and others.

20. Bonarrigo, without receiving any instruction from Plaintiff, and without notifying Plaintiff, thereafter attempted to start the Vessel while Plaintiff was standing on the fuel dock.

21. Shortly thereafter, a fire started, and all onboard departed the Vessel.

22. As a result of the above-mentioned June 10, 2020 Incident, the Vessel was rendered a constructive total loss.

23. Any and all injuries damages, and losses claimed to have resulted from the Incident, including personal injuries allegedly sustained by Hussein and Aliduir, were not caused or contributed to by any breach of applicable statutes or regulations, or any type of unseaworthiness, fault, neglect, or lack of reasonable care by or on the part of Plaintiff or the Vessel.

24. Alternatively, any breach of applicable statutes or regulations, or any type of unseaworthiness, fault, neglect, or lack of reasonable care by or on the part of Plaintiff or the Vessel, that might have contributed to any and all alleged injuries, damages, and losses from the Incident, including personal injuries allegedly sustained by Hussein or Aliduir, were occasioned and incurred without the privity or knowledge of Plaintiff and/or were occasioned and incurred due to the fault of other parties whose actions and/or inactions are not Plaintiff's responsibility.

25. Plaintiff does not know the total amount of the claims that may be made for injuries, damages, and losses allegedly sustained as a result of the Incident.

26. Plaintiff expects that formal claims based on those injuries, damages, and losses will be presented in due course and that the total claims will exceed the post-casualty value of the Vessel.

**Value**

27. Per the Declaration of Stephen Charrette, filed herewith, the Vessel was rendered a constructive total loss and the post-casualty value of the Vessel does not exceed $1,000.00 salvage value.

**Exoneration/Limitation**

28. Plaintiff seeks exoneration from liability for any and all injuries, damages, and losses of any kind arising from the voyage ending on or about June 10, 2020, including personal injuries allegedly sustained by Hussein and Aliduir, as well as any other damages or claimed losses incurred which have been and/or may hereafter be asserted, and Plaintiff states that he has valid defenses on the facts and the law.

29. Plaintiff alternatively seeks limitation of his liability for any and all injuries, damages, and losses of any kind arising from the voyage ending on or about June 10, 2020, including personal injuries allegedly sustained by Hussein and Aliduir, pursuant to 46 U.S.C. §§ 30501-12, Supplemental Rule F, and case law, and to that end files herewith a Stipulation of Appraised Value of Plaintiff's Interest in the Vessel equal to $1,000.00 plus $500.00 for costs and 6% interest per annum, for payment into Court as ordered.

**Relief Sought**

WHEREFORE Jorge Rodriguez requests the following relief:

1. That the Court approve the Stipulation of Appraised Value of Plaintiff's Interest in the Vessel equal to $1,000.00, plus costs of $500.00 and 6% interest per annum, which represents (a) the value of Plaintiff's interest in the Vessel after the voyage ending on or about June 10, 2020, including personal injuries allegedly sustained by Hussein and Aliduir, and (b) Plaintiff's

obligation to provide costs, in compliance with Supplemental Rule F(1) of the Federal Rules of Civil Procedure;

2. That on approving that security, the Court enter an injunctive order pursuant to Supplemental Rule F(3) ceasing and enjoining all lawsuits, causes of action, and claims against Plaintiff arising from the voyage ending on or about June 10, 2020, including personal injuries allegedly sustained by Hussein and Aliduir, except in this civil action;

3. That Plaintiff serve a copy of that injunctive order on any person to be enjoined or provide a copy to such person's counsel;

4. That the Court enter an order directing the issuance of a notice to claimants, pursuant to Supplemental Rule F(4);

5. That the Court adjudge Plaintiff not liable for any and all injuries, damages, or losses arising from the voyage ending on or about June 10, 2020, including personal injuries allegedly sustained by Hussein and Aliduir, or that if Plaintiff is held liable in any part, his liability shall be limited at a maximum to the value of its interest in the Vessel after that voyage, or $1,000.00, and that Plaintiff be discharged from any such liability upon the surrender of such interest, and that the money secured as aforesaid be divided *pro rata* among such claimants as may duly prove their claims, saving to all parties any priorities to which they may be legally entitled, and that judgment may be entered discharging Plaintiff from all further liability; and

6. That Plaintiff be provided such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Plaintiff,
Jorge Rodriguez

By its attorneys,

*/s/ Olaf Aprans*

David J. Farrell, Jr. (BBO #559847)
Olaf Aprans (BBO # 670434)
Farrell Smith O'Connell
27 Congress Street, Suite 109
Salem, MA 01970
(978) 744-8918 x 13
dfarrell@fsofirm.com
oaprans@fsofirm.com

## CERTIFICATE OF SERVICE

I certify that on September 15, 2020 I filed the above document via the Case Management/ Electronic Case Filing System, through which a copy will be electronically delivered to all attorneys who are currently listed as registered participants in connection with this case, but there are none.

*/s/ Olaf Aprans*

## VERIFICATION

I, Jorge Rodriguez, depose and state:

I am the owner of the M/Y VITAMIN SEA allegedly involved in the fire incident and voyage ending on or about June 10, 2020, described in the above Complaint.

I have read the Complaint, which is true and accurate to the best of my knowledge.

I verify and declare under the pain and penalty of perjury of the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed ~~August~~ September 11, 2020

Jorge Rodriguez

8